[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff has filed a very comprehensive motion dated April 12, 1999 for production of defendant Beatrice's expert witness' listing of all cases wherein the expert Curtis Cetrulo M.D. testified in deposition or at trial in the past four years including transcripts, memos of parties, counsel, defendant's insurance company, etc. This information is sought for a period covering the past four years. Plaintiff also seeks a copy of all lists filed in the United States CT Page 4720 District Court detailing his experience as an expert. A copy of the expert's list of publications and a copy of all material furnished to Dr. Cetrulo by Dr. Beatrice and her counsel for purpose of review are also sought. Copies of Dr. Cetrulo's publications including those "In Press" are also sought.
Defendant Beatrice, in response to the April 12, 1999 motion sought a protective order dated May 5, 1999, seeking to protect the defendant, Dr. Beatrice, from responding to the interrogatories and plaintiffs request for production. The motion for protective order was only granted as to the interrogatories on July 6, 1999. The information sought by way of production is clearly relevant to the preparation of plaintiff's case and is matter that is necessary for cross-examination purposes. This is a medical malpractice claim that alleges that as a result of the negligence of Dr. Beatrice and others during pre-natal care rendered to the plaintiff, Jacqueline Vargas, she delivered a child who suffers from serious physical and neurological injury.
Defendant's arguments opposing the written production requests directed to defendant's expert are that the Practice Book makes no provision for same and this type of written discovery request may be used only in lieu of oral examination. Defendant. Dr. Beatrice further objects to providing the plaintiff with the information in advance of deposition in that it is not provided for in the rules of practice and that to require the defendant's expert to collate all the information sought would be unduly burdensome and beyond the scope of permissible Connecticut discovery practice. It should be noted the defendant, Beatrice, has filed no pre-deposition discovery as to plaintiffs experts. The defendant, Beatrice, noticed plaintiffs expert, Dr. Brodman requesting these documents he brought to the deposition as is the common practice.
Clearly the requested non-privileged material is discoverable as long as it is calculated to lead to the discovery of admissible evidence. Practice Book § 13-2. Connecticut has developed in recent years a liberal discovery doctrine. Sanderson v. Steve SnyderEnterprises, Inc., 196 Conn. 134, 140. (1985).
Dr. Cetrulo has testified on numerous occasions in the past both by way of deposition and in the courtroom. It is conceivable that Dr. Cetrulo may have given testimony on written articles on documents that might not be consistent with the testimony and/or opinion that he might express in the present case. CT Page 4721
The Federal Rules of Civil procedure that our courts continue to adopt on a piecemeal basis has long since codified the principal that requires an expert to disclose "a listing of any other cases in which the witness has testified at trial or by deposition within the preceding four years." Fed R. Cir. P. 26(a)(2)(B). Four years is not unreasonable in the United States District Court nor is it unreasonable in Connecticut courts.
If Dr. Beatrice through her attorneys provided documents to Dr. Cetrulo upon I which he based his opinion these documents would longer be protected by the work product doctrine and must be disclosed. Michaud v. Hendrikson, 1997 WL 7S3377 (Superior Court, November 26, 1997). Barrett v. Danbury Hospital, 232 Conn. 242, 251
(1995). Dr. Beatrice as a party defendant is required to provide the materials set forth in the requests for production directed to Dr. Cetrulo. Dr. Cetrulo is her expert and she not only relies upon his testimony but vouches for the same. To now suggest that the requests are directed to Dr. Cetrulo, her expert, and that she is not required to produce same places plaintiff in a "Catch-22" situation and her claim is at best specious.
Defendant's contention that the Connecticut Practice Book does not provide for written discovery requests propounded to the expert and that the same Rules do not specifically require production of documents prior to the actual deposition are correct. Nor do the Rules require defendant's expert to create "lists" and to accumulate transcripts. However, it is important to consider Sec. 1-8, Connecticut Practice Book that sets forth that the design of the Rules of Court are to facilitate business and to advance justice. This rule requires the court to liberally interpret the rules where a strict adherence to the rules would work surprise or injustice.
The Rules are not set in stone. Every case has to be considered separately but the spirit of the rules is more greatly enhanced by liberal discovery. To argue that having reports, transcripts of expert's testimony and lists of cases made available to either defendant or a plaintiff well in advance of deposition in complex cases does not expedite the judicial process is unacceptable. Common experience dictates that to be handed cartons of unindexed material at deposition can only occasion great delay and added attorneys' fees to either the plaintiff or defendant. To furnish this information in advance means that both sides will be better prepared and in some instances will result in settlement of the claim. This court is well aware that some experts do not have all of the materials requested at their fingertips, but that those experts who frequently testify in CT Page 4722 the federal court have this information readily available. For those experts who are unable to furnish lists, transcripts, and writings in advance of deposition it is more likely that they will be better prepared when they reach the doorstep of the office wherein they are being deposed. In this case it is conceded by counsel for Dr. Beatrice that she is prepared to deliver all documents and information at the time of Dr. Cetrulo's deposition. Dr. Beatrice suggests that if this court deems it appropriate to follow the Federal Rule that the defendant pay a reasonable fee for time spent in preparing same by the expert. The court fails to find logic in this argument. Since it must be provided ultimately no substantial additional cost is required to provide same in advance of deposition.
 ORDERS
All orders shall be complied with by making material available to the plaintiff within seven days prior to date of deposition.
Requests for production #"s 1, 3, 5, 7, 8, 9, 10, 11, 13, 14 and 15 are granted.
Requests for production #"s 2, 4 and 6 are granted if transcribed.
Request for production #12 and #16 shall be produced at time of deposition.
Owens, J.